IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES T. CURTIS,

    Plaintiff,

vs.                         Case No. 5:04cv387-RH/WCS

AL SOLOMON, et al.,

    Defendants.

_____/

## ORDER DIRECTING SERVICE

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a second amended civil rights complaint under 42 U.S.C. § 1983 on March 25, 2005. Doc. 25. The second amended complaint was reviewed as is required by 28 U.S.C. § 1915A and deemed sufficient to alert Defendants to the basis and nature of Plaintiff's claims. Because it could not be said upon this review of the second amended complaint that Plaintiff failed to state a claim upon which relief may be granted, Plaintiff was directed to provide sufficient service copies of the second amended complaint. Doc. 27. Plaintiff complied with that order and this order directs service as explained more fully below.

One additional matter requires attention before addressing the service procedures.  Plaintiff filed a motion to extend time to serve the complaint, doc. 29, asserting that when Defendants who are at his Correctional Institution discover that Plaintiff has filed this action, Plaintiff fears he will be subjected to abuse and retaliation. *Id.*, at 1.  Plaintiff indicates he has already been approved for a transfer, *see* doc. 29, p. 8, and indicates his fear that this case could be used to hinder his transfer.  *Id.*, at 2.

Should Plaintiff's fears become reality, Plaintiff would be entitled to file an additional civil rights claim for the violation of his First Amendment right, after exhausting administrative remedies.  This case, however, should not be delayed on the court's docket as it cannot be known when Plaintiff's transfer will even take place.  It is noted that Plaintiff signed the motion to delay service on April 17, 2005, and requested a delay of 60 days.[1]  *Id.*, at 3.  At this point, there has been nearly a one month delay.  However, waiting an additional month is too long and too uncertain.  Additionally, there will be some period of delay (up to 30 days) between issuance of the order and service of the complaint.  Plaintiff's motion is denied.[2]

Accordingly, it is

**ORDERED**:

1. Plaintiff's motion to delay service of the complaint, doc. 29, is **DENIED**.

2. The docket shall reflect that there are four Defendants in this action: **Al Solomon, Dr. Daniel Cherry, Dr. H.V. Pandit,** and **Anne R. Welch**, all of whom were

---

[1] The motion was actually filed in this Court on April 26, 2005.

[2] Plaintiff is reminded that after being transferred, he must keep the Court advised of his current location in a timely fashion.

Case No. 5:04cv387-RH/WCS

employed at the time of the events in question at Apalachee Correctional Institution. Plaintiff shall have ten days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

3.   The Clerk shall issue summons for Defendants Solomon, Cherry, Pandit, and Welch, indicating they have 60 days in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal along with the service copy of the second amended complaint.

4.   The Clerk shall also prepare and send the Marshal a copy of this order for each of the Defendants.

5.   Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Laura McAlpin** is specially appointed to serve process upon Defendants **Al Solomon, Dr. Daniel Sherry, Dr. H.V. Pandit, and Ms. Ann R. Welch** at Apalachee Correctional Institution within the Florida Department of Corrections.  In the absence of **Laura McAlpin**, the specially appointed process server designated above, **Rebecca Mitchell** is designated as an alternate server and shall comply with this order as though issued in her name.

6.   Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the **second amended civil rights complaint, summons, and this order** upon the Defendants. Service shall be accomplished **by mailing these documents by regular mail to the above named special process server, Laura McAlpin, who shall serve the second amended complaint.**  All costs of service shall be advanced by the United States.

7.   Within 10 days after receipt of the complaint and this order, **Laura McAlpin** shall **serve the second amended complaint upon the individuals named above,**

**complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service.  *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

      8.  If any Defendant is no longer employed at the designated location, or is otherwise unable to be served, the server shall report this information to the Clerk of the Court within 10 days after receipt of the second amended complaint and this order.  *If service is returned unexecuted, the Clerk of Court shall immediately refer the file to Chambers.*

      9.  Defendants shall review the second amended complaint to:

        a.  Ascertain the facts and circumstances surrounding the complaint;

        b.  Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

        c.  Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

      10.  Within 60 days of receipt of the summons, Defendants shall respond to the amended complaint either by filing a motion to dismiss because Plaintiff has not exhausted administrative remedies pursuant to 42 U.S.C. § 1997e or by filing a special report with the Court, and a copy thereof to Plaintiff, containing the following:

        a.  Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint.  (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the Plaintiff.)

        b.  Copies of any written reports prepared as a result of investigation of the inmate's allegations.

        c.  All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

    d.  Where relevant, copies of medical or psychological or disciplinary records.

    e.  Where applicable, copies of relevant administrative rules, regulations, or guidelines.

Defendants are advised that, at some time in the future upon notice of the Court, the special report may be deemed a motion for summary judgment.  **Therefore, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed. R. Civ. P. 56 materials the Defendants wish the Court to consider.**[3]

    11.  No answer, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the Court.  If any such pleading or motion is sent to the Court, the Clerk shall not file or otherwise treat the pleading as a motion unless or until the Court so orders.

    12.  Plaintiff shall not file a reply to Defendants' special report until ordered to do so by the Court.  However, Plaintiff shall file a response to a motion to dismiss, if filed by Defendants, within 20 days of the date of service of such a motion.

    13.  Once a special report is filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.  N.D. Fla. Loc. R. 15.1.

    14.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent, the form shall be signed and forwarded to counsel for

---

[3] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

Case No. 5:04cv387-RH/WCS

Defendants.  If Defendants wish to consent, the form shall be signed and returned to the Clerk of Court.

15.  Plaintiff shall be required to mail to the attorney for the Defendants a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to the Defendants or to the attorney representing the Defendants.  Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

16.  The Clerk of Court shall return this file to the undersigned no later than August 11, 2005.

**DONE AND ORDERED** on May 10, 2005.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL**, **JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 5:04cv387-RH/WCS