IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES T. CURTIS,

    Plaintiff,

vs.                                       Case No. 5:04cv387-RH/WCS

AL SOLOMON, et al.,

    Defendants.

_____/

## SUPPLEMENTAL SERVICE ORDER

Service was recently directed, doc. 30, of Plaintiff's second amended civil rights complaint filed under 42 U.S.C. § 1983 on March 25, 2005. Doc. 25. Plaintiff is an inmate proceedings *in forma pauperis* and *pro se*. Service was executed on Defendant Solomon on May 24, 2005. Doc. 31. However, unexecuted returns of service have been filed as to Defendant Cherry, doc. 32, Defendant Pandit, doc. 33, and Defendant Welch, doc. 34.

As for Defendant Cherry, doc. 32, the return of service indicates that Defendant Cherry is now employed at the Department's Central Office. Service will be re-directed on Defendant Daniel Cherry. Furthermore, the return of service for Defendant Welch,

doc. 34, advises that she no longer works at the institution but is now located at Jackson Correctional Institution. Thus, service will be re-directed on Defendant Welch as well.

The unexecuted return of service for Defendant Pandit, doc. 33, states only that "Dr. Pandit is no longer employed by our agency." As Plaintiff is currently incarcerated, it is unlikely that he will be able to obtain information as to the whereabouts of Defendant Pandit without engaging in discovery. Discovery, however, is premature. Accordingly, this order will be provided to the Deputy General Counsel for the Department of Corrections in an effort to facilitate service of process at minimal cost.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall forward to Susan A. Maher, the Deputy General Counsel for the Department of Corrections, a copy of this order along with the prepared summons for Defendant **Dr. H.V. Pandit** and a prepared service copy of the second amended complaint.

2. The Deputy Counsel for the Department of Corrections shall have until **July 15, 2005**, to either: (1) inform the United States Marshal in confidence of the present location of the Defendant, (2) make an appearance on his or her behalf, or (3) advise the Court that neither alternative is possible. If this Defendant's address is provided to the United States Marshal, the Deputy General Counsel shall file a notice that this has been done. The Deputy General Counsel shall also forward to the United States Marshal a copy of this order, the summons, and service copy of the complaint.

3.  Upon receipt of an address for the above named Defendant, the United States Marshal shall attempt to personally serve the Defendant according to Fed. R. Civ. P. 4(e).

4.  The Clerk shall re-issue summons for Defendants Cherry and Welch, indicating they have 60 days in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal along with the service copy of the second amended complaint.

5.  The Clerk shall also prepare and send the Marshal two copies of this order for service on Defendants Cherry and Welch.

6.  Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Sheryl Conrad** is specially appointed to serve process upon Defendant **Ann R. Welch** at Jackson Correctional Institution within the Florida Department of Corrections.  In the absence of Sheryl Conrad, the specially appointed process server designated above, **B.J. Greenman** is designated as an alternate server and shall comply with this order as though issued in his or her name.

7.  Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Janet Holmes** is specially appointed to serve process upon Defendant **Dr. Daniel P. Cherry** at the Florida Department of Corrections' Central Office in Tallahassee, Florida.  In the absence of Janet Homes, the specially appointed process server designated above, **Debra Hix** is designated as an alternate server and shall comply with this order as though issued in her name.

8.  Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the **second**

**amended civil rights complaint, summons, and this order** upon Defendants Cherry and Welch.  Service shall be accomplished **by mailing these documents by regular mail to the above named special process servers, Janet Holmes and Sheryl Conrad, who shall serve the second amended complaint.**  All costs of service shall be advanced by the United States.

9.  Within 10 days after receipt of the complaint and this order, **Janet Holmes and Sheryl Conrad,** shall **serve the second amended complaint upon the individuals named above, complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service.  *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

10.  If any Defendant is no longer employed at the designated location, or is otherwise unable to be served, the server shall report this information to the Clerk of the Court within 10 days after receipt of the second amended complaint and this order.  *If service is returned unexecuted, the Clerk of Court shall immediately refer the file to Chambers.*

11.  Defendants shall review the second amended complaint to:

  a.  Ascertain the facts and circumstances surrounding the complaint;

  b.  Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

  c.  Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

12.  Within 60 days of receipt of the summons, Defendants shall respond to the second amended complaint either by filing a motion to dismiss because Plaintiff has not

exhausted administrative remedies pursuant to 42 U.S.C. § 1997e or by filing a special report with the Court, and a copy thereof to Plaintiff, containing the following:

   a. Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint.  (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the Plaintiff.)

   b. Copies of any written reports prepared as a result of investigation of the inmate's allegations.

   c. All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

   d. Where relevant, copies of medical or psychological or disciplinary records.

   e. Where applicable, copies of relevant administrative rules, regulations, or guidelines.

Defendants are advised that, at some time in the future upon notice of the Court, the special report may be deemed a motion for summary judgment.  **Therefore, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed. R. Civ. P. 56 materials the Defendants wish the Court to consider.**[1]

   13.  No answer, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the Court.  If any such pleading or motion is sent to the Court, the Clerk shall not file or otherwise treat the pleading as a motion unless or until the Court so orders.

   14.  Plaintiff shall not file a reply to Defendants' special report until ordered to do so by the Court.  However, Plaintiff shall file a response to a motion to dismiss, if filed by Defendants, within 20 days of the date of service of such a motion.

---

[1] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

15.  Once a special report is filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.  N.D. Fla. Loc. R. 15.1.

16.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent, the form shall be signed and forwarded to counsel for Defendants.  If Defendants wish to consent, the form shall be signed and returned to the Clerk of Court.

17.  Plaintiff shall be required to mail to the attorney for the Defendants a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to the Defendants or to the attorney representing the Defendants.  Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

18.  The Clerk of Court shall return this file to the undersigned no later than July 15, 2005.

**DONE AND ORDERED** on June 3, 2005.

                              s/    William C. Sherrill, Jr.
                              **WILLIAM C. SHERRILL, JR.**
                              **UNITED STATES MAGISTRATE JUDGE**