# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JAMES T. CURTIS,

      Plaintiff,

v.                                       CASE NO. 5:04cv387-RH/WCS

DR. PANDIT and ANN WELCH,

      Defendants.

_____/

## ORDER ON SUMMARY JUDGMENT

This matter is before the court on the magistrate judge's fourth report and recommendation (document 118), the objections thereto (documents 124 and 125), plaintiff's response to defendant's objections (document 129), the magistrate judge's fifth report and recommendation (document 120), and the objections thereto (document 128). Each report and recommendation is correct and will be adopted as the opinion of the court, with this additional note.

The magistrate judge concluded that defendant Dr. Pandit's motion for summary judgment should be denied in certain respects based largely on plaintiff's own sworn testimony regarding his dental treatment. In his objections, Dr. Pandit asserts, in effect, that plaintiff's testimony is conclusory and self-serving and is

therefore insufficient to defeat summary judgment. But a party is a competent witness, and plaintiff here has offered testimony of specific facts. When two people testify to precisely opposite versions of what happened on a given occasion, a district court of course cannot properly decide who to believe and grant summary judgment accordingly. To the contrary, in our system disputes of this type are resolved at trial, not on motion for summary judgment.

Here plaintiff has sworn that Dr. Pandit broke plaintiff's tooth #30 into pieces and dug it out, causing substantial pain, and plaintiff has sworn that Dr. Pandit said at the time that he did this as "punishment." In his objections, Dr. Pandit says teeth sometimes break during the extraction process, but Dr. Pandit ignores the testimony, which I must accept as true, that Dr. Pandit said he broke the tooth as punishment. Plaintiff's testimony may seem unlikely, and a jury may choose not to credit it. But I cannot properly ignore it for summary judgment purposes.

Dr. Pandit stops short of claiming that a prison dentist does not violate the Constitution, or has qualified immunity, if he deliberately breaks a prisoner's tooth for the very purpose of causing pain and thus inflicting punishment. Any such claim obviously would be unfounded. It has long been settled that the intentional infliction of pain on a prisoner for no legitimate purpose violates the Eighth

Amendment and, if done in retaliation for filing grievances, violates the First Amendment.

For these reasons and those set forth in each report and recommendation,

IT IS ORDERED:

1. The fourth (document 118) and fifth (document 120) reports and recommendations are ACCEPTED and adopted as the opinions of the court.

2. Defendant Dr. Pandit's motion to dismiss (document 94) is DENIED.

3. Defendant Dr. Pandit's motion for summary judgment (document 74) is GRANTED IN PART and DENIED IN PART as set forth in the fourth report and recommendation. I do not direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

4. Plaintiff's motion for partial summary judgment (document 119) is DENIED.

5. This matter is remanded to the magistrate judge for further proceedings.

SO ORDERED this 26th day of February, 2007.

s/Robert L. Hinkle<br>Chief United States District Judge